# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | |
|---|---|
| JOSHUA EWING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 2:15-cv-00007-JMS-DKL |
| | ) |
| FCI TERRE HAUTE Warden, | ) |
| | ) |
| Defendant. | ) |

**Entry Discussing Complaint and Directing Further Proceedings**

Plaintiff Joshua Ewing filed a document in the Western District of Kentucky complaining about treatment he is receiving at the FCI in Terre Haute, Indiana. That court opened a civil action based on Mr. Ewing's filing and transferred the action to this Court. The plaintiff was directed to pay the filing fee or seek leave to proceed *in forma pauperis*. He has requested leave to proceed *in forma pauperis* and that request [dkt 7] is **granted**.

Because the plaintiff is a prisoner, the complaint is now subject to the screening required by 28 U.S.C. ' 1915A. Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007). Based on this screening, the complaint must be **dismissed**.

First, the Warden must be **dismissed** as a defendant because the Warden is not alleged to have personally caused or participated in any of the wrongful actions alleged in the complaint and cannot be found liable based on the doctrine of respondeat superior. *Del Raine v. Williford,* 32 F.3d 1024, 1047 (7th Cir. 1994)(respondeat superio*r* cannot be the basis of a *Bivens* claim, there must be individual participation and involvement by the defendant).

Next, Mr. Ewing's allegation that he should be housed in Administrative Detention with the same general privileges as inmates in general population, but he is being housed with inmates in Disciplinary Segregation who do not have those privileges fails to state a claim upon which relief can be granted. To make out an Eighth Amendment claim based on prison conditions, an inmate must show that he has suffered an objectively, sufficiently serious injury, and that prison officials inflicted the injury with deliberate indifference. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). Ewing has made no such showing here.

Mr. Ewing also alleges that prison staff are denying him access to his legal material. But "to state a right to access-to-courts claim and avoid dismissal under Rule 12(b)(6), a prisoner must make specific allegations as to the prejudice suffered because of the defendants' alleged conduct. This is because a right to access-to-courts claim exists only if a prisoner is unreasonably prevented from presenting legitimate grievances to a court; various resources, documents, and supplies merely provide the instruments for reasonable access, and are not protected in and of themselves. Thus, when a plaintiff alleges a denial of the right to access-to-courts, he must usually plead specific prejudice to state a claim, such as by alleging that he missed court deadlines, failed to make timely filing, or that legitimate claims were dismissed because of the denial of reasonable access to legal resources." *Ortloff v. United States,* 335 F.3d 652, 656 (7th Cir. 2003)(general allegations that destruction of legal papers prejudiced pending lawsuits did not state a claim). Because Mr. Ewing has made no such allegation, this claim is **dismissed**.

Mr. Ewing's request for a transfer to a different institution must be dismissed for failure to state a claim upon which relief can be granted. The determination of whether a prisoner's request for a transfer should be granted is a matter that is best left to the reasoned discretion and good faith of the prison officials. *Hundley v. Sielaff*, 407 F. Supp. 543, 548 (N.D. Ill. 1975) (citing *Mueller v.*

*Turcott*, 501 F.2d 1016, 1019 (7th Cir. 1974)); *see Wilkinson v. Austin*, 545 U.S. 209, 221 (2005)("[T]he Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement.").

Finally, any request that the Court investigate Mr. Ewing's allegations is **denied** because it is the duty of the Court to resolve controversies presented to it through. The Court is without the authority and resources to conduct the investigation suggested by Mr. Ewing.

The dismissal of the complaint will not result in the dismissal of the action. Instead, the plaintiff shall have **through March 6, 2015**, in which to file an amended complaint. In filing an amended complaint, the plaintiff shall conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ," (b) the amended complaint shall comply with the requirement of Rule 10 that the allegations in a complaint be made in numbered paragraphs, each of which should recite, as far as practicable, only a single set of circumstances, (c) the amended complaint must identify what legal injury he claims to have suffered and what persons are responsible for each such legal injury, and (d) the amended complaint shall contain a clear statement of the relief which is sought.

Failure to file an amended complaint as directed will result in the dismissal of this action for failure to state a claim upon which relief can be granted.

**IT IS SO ORDERED.**

Date: February 5, 2015

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

JOSHUA EWING
14608-033
TERRE HAUTE
FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808